WALTER KIDDE & COMPANY, INC. & others *vs.*
COMMISSIONER OF REVENUE.

Suffolk.  March 11, 1983. — June 22, 1983.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, & O'CONNOR, JJ.

*Taxation,* Corporate excise, Corporation, Manufacturing corporation.

A parent corporation and two wholly owned subsidiaries, which elected
    to file a single Massachusetts excise tax return combining their net in-
    come for 1975 and which all claimed the investment tax credit permit-
    ted to manufacturing corporations by G. L. c. 63, § 31A(*a*), were en-
    titled to apply the investment tax credit of one of the subsidiaries that
    had sustained a loss for that tax year against the total excise owed
    under the combined return, and were not restricted to using the credit
    only to the extent that that subsidiary would have had excise tax
    liability if filing a separate return.  [580]

APPEAL from a decision of the Appellate Tax Board.

*Carolyn V. Wood,* Assistant Attorney General, for the
defendant.

*Kenneth A. Cohen (Edward L. Glazer* with him) for the
plaintiffs.

HENNESSEY, C.J.  The Commissioner of Revenue (Com-
missioner) appeals from a decision of the Appellate Tax
Board (board) in favor of Walter Kidde & Company, Inc.
(Kidde), and two of its wholly owned subsidiaries, General
Offset Printing Company, Inc. (GOP), and Craig Systems
Corporation (Craig).  We affirm the decision of the board.

General Laws c. 63, § 32, imposes an excise on domestic
business corporations.  General Laws c. 63, § 39, imposes
an excise on foreign corporations.  The first measure of the
excise based on tangible property, was, as the statutes re-
quire, separately assessed against each of the three corpora-
tions.  See G. L. c. 63, § 32 (*a*) (1) (i); G. L. c. 63, § 39 (*a*)
(1) (i).  Because the three corporations had filed a consolida-

ted income return to the Federal government for 1975, they had an option to have the second measure of the corporate excise, based upon net income, assessed against each of them individually, based upon a separate computation of the net income of each, see G. L. c. 63, § 32 (a) (2), G. L. c. 63, § 39 (a) (2), or assessed upon their combined net incomes, see G. L. c. 63, § 32B.[1] The three corporations chose to be assessed upon their combined net incomes. A manufacturing corporation is allowed to claim a credit permitted by G. L. c. 63, § 31A (a), against its excise.[2] The three corporations claimed such a credit, and the present controversy with the Commissioner arose out of a dispute as to the amount of the credit which should be allowed.

Kidde is a Delaware corporation with an office in Ashland, Massachusetts. Its two wholly owned subsidiary corporations, GOP and Craig, are Massachusetts corporations. The three corporations filed a consolidated Federal tax return for the year 1975, and also timely filed a Massachusetts corporate excise return for 1975 that combined

---

[1] General Laws c. 63, § 32B, inserted by St. 1973, c. 927, § 2, provides: "If two or more domestic business corporations or foreign corporations participated in the filing of a consolidated return of income to the federal government, the net income measure of their excises imposed under section thirty-two or section thirty-nine may, at their option, be assessed upon their combined net income, in which case the excise shall be assessed to all said corporations and collected from any one or more of them."

[2] The relevant portion of G. L. c. 63, § 31A (a), inserted by St. 1970, c. 634, § 2, provides in part: "A manufacturing corporation . . . shall be allowed a credit as hereinafter provided against its excise due under this chapter. The amount of such credit shall be one per cent of the cost or other basis for federal income tax purposes of qualifying tangible property acquired, constructed, reconstructed or erected during the taxable year. Qualifying property shall be tangible personal property and other tangible property including buildings and structural components of buildings which are depreciable and acquired by purchase . . . used by the corporation in the commonwealth, and situated in the commonwealth on the last day of the taxable year."

Statute 1973, c. 752, § 11, provides in part: "Notwithstanding the provisions of [G. L. c. 63, § 31A (a)], the credit allowed by said section shall be three per cent for taxable years ending on and after [December 31, 1974] and before [December 31, 1978] . . . ."

their net incomes. The combined return reported an excise of $36,872 due on taxable Massachusetts tangible property, calculated as the sum of the excises on such property for Kidde ($27,110), GOP ($4,397), and Craig ($5,365). The return also reported combined net income of $1,324,688 for the three corporations, arrived at by combining the net income of Kidde, $1,385,772, the net income of Craig, $1,065,615, and a loss suffered by GOP in the amount of $1,126,699. This resulted in a total net income tax due of $124,587 for the three companies, and thus in a total corporate excise, including the excise on net income and the excise on tangible property, of $161,459 before the application of any credit.

In addition, the three corporations reported an aggregate investment credit of $30,755, based on a credit generated by Kidde in the amount of $12,300, a credit generated by GOP in the amount of $16,965, and a credit generated by Craig in the amount of $1,490. The three corporations therefore reduced the net income measure of the excise otherwise due, $124,587, by the aggregate investment credit of $30,755, and thus reported a total excise due (including the excise on tangible property) of $130,704. Since the three corporations had made estimated tax payments larger than the excise due, they claimed a refund.

The Commissioner disallowed $14,058.80 of the refund, $12,818.80 of that amount being disallowed on the ground that the three corporations could not apply GOP's investment credit against the total excise due, but could use that credit only to the extent that GOP would have had excise liability if it had filed a separate return. If GOP had filed separately, it would have owed $4,397 as an excise due on tangible property. The Commissioner therefore allowed use of the credit of $16,965 generated by GOP only to the extent that the credit could offset $4,397 of the total excise owed under the combined return. Kidde, GOP, and Craig brought timely application for abatement of the $12,818.80 in dispute, which was denied, and the three corporations appealed to the board. The board issued a decision for the

three corporations, allowing the abatement. The Commissioner appealed to this court.

The Commissioner argues that limiting the use of the investment tax credit to the corporation which generated the credit serves the legislative purpose. Thus, the Commissioner says, § 32B offers an advantage to affiliated corporate taxpayers if one or more of them suffered losses for the taxable year, as did GOP in this case. The Commissioner asserts that § 32B, in its extremely limited language, does not evidence a broad legislative policy of treating a group of corporations as a single entity for any other purpose. The tax statutes, aside from § 32B, argues the Commissioner, treat parent and subsidiary corporations as separate entities, and the statutes nowhere, by express language or by implication, support the board's decision.

We disagree with the Commissioner's conclusion and reasoning. Rather, we think the decision and reasoning of the board correctly construe the legislative intent. Although the intent could have been more clearly expressed by the Legislature, the board persuasively supports its decision by reasoning that the two sections, § 31A and § 32B, should be read together. Under § 31A a corporation making expenditures which qualify shall be allowed a credit, but only to the extent of "its excise due under this chapter." The Commissioner would allow the credit to GOP only to the extent ($4,397) that would be allowed if GOP had filed separately and apart from the other corporations. The board, on the other hand, noted that under § 32B, when a combined return is filed, the excise is assessed to all the corporations, and may be collected from any one of them. The board recognized that GOP, due to the combined filing, owed an excise in excess of the claimed credit. The credit could properly be offset against that excise owed, by applying the literal language of § 31A that a corporation shall be allowed a credit against "its excise due under this chapter."

*Decision of the Appellate Tax Board affirmed.*